(7 App. Div. 273)

### SIDE et al. v. BRENNEMAN et al.

(Supreme Court, Appellate Division, First Department. June 29, 1896.)

TENANCY IN COMMON—REAL ESTATE PURCHASED BY EXECUTOR.

　　A decree on an accounting by an executor, which adjudged that certain money invested by him in real estate was the money of the estate, and that certain persons were entitled to specified shares thereof, and had been entitled to the possession since a certain time, but which did not direct the executor to transfer the legal title to such persons, or adjudge that the legal title was in them, or attempt to put them in possession, did not vest the legal title in them as joint tenants or tenants in common (Code Civ. Proc. § 1532), so as to entitle them to sue for partition.

Appeal from special term, New York county.

Action by Mary E. Side and another against Charles Brenneman and others. The complaint alleged that on or about November 14, 1894, a decree was entered in the surrogate's court of New York county on the settlement of the accounts of Charles Brenneman, as surviving executor of Frederick Leonhard, deceased, whereby it was adjudged that plaintiffs were each entitled to an undivided one-eighteenth of an interest in certain lots in New York City; that all the parties to the action were of full age except one; that plaintiffs and defendants, Charles Brenneman and Josephine Kager and Edward Leonhard, were seised in fee and possessed of the premises hereinbefore described, as tenants in common, and that they owned no other real property in common. The complaint then states the rights, shares, and interests of the parties in the said premises, and concludes with a prayer of judgment as follows:

"Wherefore, the plaintiffs demand judgment for a partition of said premises hereinbefore described between the parties interested therein according to their respective shares and interests therein, or, if an actual partition thereof cannot be had without great prejudice to the owners, then for the sale of said premises by and under the direction of this court, and a division of the proceeds thereof amongst the parties respectively entitled thereto, and for an accounting of the rents of said premises by the defendant Charles Brenneman, and that the plaintiffs may recover their costs and expenses of this action, and may have such other and further relief in the premises as may be agreeable to equity and good conscience."

From a judgment ascertaining the interest of the parties and directing partition, defendants Charles Brenneman and Elizabeth Brenneman appeal. Reversed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Howard Y. Stillman, for appellant Elizabeth Brenneman.
Daniel G. Rollins, for appellant Charles Brenneman.
Henry A. Forster, for respondents.

INGRAHAM, J. We think, as this action is clearly an action for partition, that the defendants' demand for a trial by a jury should have been granted, as under section 968 of the Code an action for partition is triable by a jury. The case, however, having been tried by the court without a jury on the demand of the plaintiffs, and the court having rendered a short decision under section 1022 of the Code, the plaintiffs cannot complain if we consider the case as one triable at special term, and determine the question involved as we would an action there triable.

The only cause of action alleged is one for the partition of real property. The complaint alleges the execution of the decree of the surrogate, which will be hereafter referred to, and then "that the plaintiffs and the defendants Charles Brenneman and Josephine Kager and Edward Leonhard are seised in fee and possessed of the premises hereinbefore described as tenants in common, and they own no other real property in common." Then follows a statement of the respective interests of the parties in the real property de-

scribed, and the complaint demands judgment for a partition of the said premises thereinbefore described between the parties interested, and that, if an actual partition thereof cannot be had without prejudice to the owners, then for a sale of the said premises, and a division of the proceeds thereof. There is no allegation in the complaint from which it would appear that the plaintiffs had any lien upon the said premises, nor is the court asked to establish or enforce a lien; and upon this complaint the right of the parties to any relief must depend upon whether or not the proof established that the parties to the action, or some of them, held the premises described in the complaint as joint tenants or tenants in common. The answer of these defendants denies all of the substantial allegations of the complaint, and upon the pleadings the case came on for trial. The only evidence offered for the plaintiffs was the testimony of Mary E. Side, stating her relationship to the defendants, the ages of the parties, a description of the property described in the complaint, and the allegation that she owned no property in common with the defendants, except the property in question. The plaintiffs then offered in evidence the decree of the surrogate set forth in the complaint, and also a judgment of the general term of the supreme court affirming that decree. This decree and judgment were objected to by the defendants, the objection overruled, an exception taken by the defendants, and the parties thereupon rested.

We have first to determine whether or not this decree is sufficient to prove the allegations of the complaint that the plaintiffs are seised in fee and possessed of an undivided interest in the real estate described in the complaint. The decree mentioned was entered upon an accounting of the defendant Charles Brenneman, appellant, as executor of an estate in which the plaintiffs were interested. Upon that accounting it was adjudged that certain money of the estate had been invested by the executor in the property in question; that said executor was charged with a cash balance in his hands of $13,827.37, and also this undivided interest of substantially twelve twenty-ninths of the Houston and Mott street property, subject to mortgages aggregating $42,000, in the hands of the executor; and the surrogate's decree then contains the following provision:

"And it is further ordered, adjudged, and decreed that $12,388.71 of the $29,188.36 invested by the executor in the property at the southwest corner of Houston and Mott streets, being about 63 feet 4 inches wide on Houston street by 76 feet ½ inch on Mott street, was money of the estate of Frederick Leonhard, deceased; that the executor is charged with 12388.71/29188.36 of said property as an asset of the estate, subject, however, to mortgages thereon amounting to $42,000; that Mary E. Side is entitled to one undivided eighteenth equal part or share of said property, and has been entitled to the possession thereof since July 24, 1891, the date of the death of the life tenant, Margaret Leonhard, and to the rents, issues, and profits thereof since August 23, 1892; that Frederick Leonhard is entitled to one undivided eighteenth equal part or share of said property, and has been entitled to the possession thereof since July 24, 1891, the date of the death of the life tenant, Margaret Leonhard, and to the rents, issues, and profits thereof since August 23, 1892."

Did this decree vest a legal title or interest, as joint tenants or as tenants in common in the property, in the plaintiffs? By section

1532 of the Code, to entitle a person to maintain an action for a partition it must appear that "two or more persons hold and are in possession of real property as joint tenants or as tenants in common." It is not enough that a person is entitled to a conveyance of an interest in real property which a court of equity could enforce, but a legal title to such real property must vest in two or more persons as joint tenants or as tenants in common. We think it clear that this decree, even assuming that the surrogate had jurisdiction to vest a title of real property in the plaintiffs, fails to accomplish that result. The surrogate found that the executor had invested certain moneys of the estate in this real property; that he held that interest in the real property as an asset of the estate, but that the legal title to such property was in the executor individually, and not as executor; and that the interest of the estate, or the beneficiaries thereof, arose because of a trust that resulted in their favor, the property of the estate having been invested in such real property. That being the fact, the surrogate decreed that the executor held this interest in the real property not individually, but as executor of the estate, and that the various beneficiaries were entitled to an interest in the estate, and to the possession thereof. No provision, however, directs the executor to transfer the legal title to the beneficiaries. No provision in the decree adjudges that the legal title is in the beneficiaries, nor does the decree attempt to put the beneficiaries in possession. It simply adjudicates as to their rights in certain property of the estate which is in the hands of the executor, without attempting formally to distribute such estate. Without attempting, therefore, to determine just what jurisdiction the surrogate had to compel this trustee to convey to the beneficiaries their interest in this estate, or without determining as to whether or not as between the trustees and these beneficiaries this property is to be considered real or personal, it is sufficient to say that the decree of the surrogate does not attempt to make any adjudication as to the legal title of the property, and does not attempt to put the beneficiaries in possession of the property. In equity, this executor, under this decree, would undoubtedly hold the interest in the estate as trustee for the plaintiffs and their beneficiaries as property in which had been invested certain moneys of the estate, and of which these plaintiffs were entitled to their proportionate share. This interest in real property, thus being treated as an asset of the estate, upon an accounting the surrogate undoubtedly would have jurisdiction to adjudge that such real property was an asset of the estate held by the executor. This is the extent of the decision, as we understand it, of the general term of the supreme court on the appeal from the decree of the surrogate. Whether or not the surrogate would have jurisdiction to direct the executor to distribute this estate among the beneficiaries by making a conveyance to them which would vest in them the undivided interest in the estate to which each of them is entitled, or would have jurisdiction by a proper decree to compel the executor to sell this interest of which he was executor, and to divide the proceeds among the beneficiaries according to their respective interests, are questions that it is not

necessary for us to determine upon this appeal, as the surrogate has not attempted to exercise such jurisdiction. He has only attempted to define the interest of the estate which has been invested in this real estate, and adjudged that the executor held that interest as executor for the benefit of the beneficiaries. Such adjudication went far short of holding that the beneficiaries were the owners and are in the possession of real property as joint tenants or as tenants in common. We think, therefore, that the evidence failed to show that the plaintiffs were the holders or in possession of any real property in common with the defendants, and that the complaint should have been dismissed.

The judgment is reversed, and the complaint dismissed, with costs. All concur.