195 So. 228

### Ex parte NIXON.
### 7 Div. 606.

Supreme Court of Alabama.
March 28, 1940.

Merrill & Merrill, of Anniston, for respondent.

Ross Blackmon, of Anniston, for petitioner.

BOULDIN, Justice.

This is an original petition for mandamus directed to Honorable Lamar Field, Judge of Circuit Court of Calhoun County, to vacate an order transferring a pending cause from the law docket to the equity docket.

The petition and answer to the rule nisi disclose the following:

Petitioner filed her original bill in equity to cancel a deed executed by her to respondents, conveying her undivided interest in certain lands.

Cancellation was sought on the ground of fraud and undue influence.

Before answer, and pending a hearing on demurrer, complainant filed her amended bill under our partition statutes, seeking a sale of the lands for division, and incidental relief by cancellation of the deed as in the original bill.

This amended bill alleged that the respondents, in possession under this deed, denied her title and claimed title in themselves.

The bill alleged she was entitled to a jury trial of this issue of title, and on presenting same to a Judge of the court, obtained an order to transfer the cause to the law docket for the trial of this issue.

Respondents, when advised of this order, presented a motion to vacate said order on the grounds: 1st. That the order was prematurely made before any answer filed denying complainant's title. 2nd. That complainant's title is equitable, calling for equitable relief in relation to the title, and the issue of title was not triable at law as in cases of ejectment. By arrangement between the Judges, this motion was heard by Judge Field, and was granted. The validity of this order is properly tested by mandamus.

We deal first with the second and more vital ground of the motion.

■ Section 6635 of Code of 1923, which need not be here set out, has been many times construed and applied.

It is designed to have a trial by jury as a matter of right in the partition suit in equity to determine issues of title, which formerly had to await a trial by ejectment at law. Bullock v. Knox, 96 Ala. 195, 11 So. 339; McMath v. DeBardelaben, 75 Ala. 68; Sandlin et al. v. Anders, 210 Ala. 396, 98 So. 299.

■ If complainant's title is equitable, manifestly no trial at law by a jury will determine the issue, and equity having acquired jurisdiction proceeds to render full relief.

■ Undue influence is a species of fraud. When a deed is procured by fraud, and complainant is under no duty to do equity as a condition to rescission, the issue of fraud, including that of undue influence, may be tried at law in the action of ejectment. The election to rescind revests the legal title in such case. But, if equities intervene, such as a return of

consideration and accounting for rents, these equities cannot be adjusted in the trial at law, and the court of equity deals with the whole case. The title does not revest until complainant does equity in the premises. These principles are clearly announced in Davidson v. Brown et al., 215 Ala. 205, 110 So. 384, and McCormick et al. v. McCormick et al., 221 Ala. 606, 130 So. 226, and authorities there cited.

■ These principles are controlling in the case. The amended bill avers fraud and undue influence in the procurement of the deed and the vendor's acceptance of a note for purchase money payable in long term monthly instalments without interest; discloses payments have been made; offers to do equity; seeks an accounting for rents in satisfaction or reduction of the sum required to be returned upon rescission. The case is brought clearly within the rule that complainant's title is equitable in character; that no title revested in her upon the filing of the bill; that she could not recover on a trial of the issue of title before a jury for want of the legal title. Hence, the cause was properly retransferred to the equity docket.

■ Touching the point that the transfer to the law docket was premature, it will suffice to observe:. The statute, § 6635, construed in connection with the related statute, § 9334, does not prescribe a particular time for demanding a jury trial. Either party may make such demand after the issue is made up by filing an answer denying the title of complainant.

But, if the bill avers respondents are denying the title of complainant and claiming title in themselves, and otherwise presents a case for a jury trial on that issue, we see no reason why the demand for trial by jury may not be made by complainant when bill filed.

■ If respondents by answer do not question the title of complainant, then no jury trial would be ordered, and the cause should go back to the equity docket. So, if the order transferring the cause to the law docket be entered on the filing of the bill, a motion to retransfer to the equity docket should not be granted until answer filed eliminating the issue upon title. Respondents could not insist on a retransfer to the equity docket, then file an answer calling for another transfer back to the law docket.

The order here in question is sustained on the ground that this bill does not make a case for a jury trial on the issue of title as above declared.

Mandamus denied.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.