HARGIS et al. v. WEDGE.

No. 31762. June 5, 1945.

*159 P. 2d 553.*

Wimbish & Wimbish, of Ada, for plaintiffs in error.

C. F. Green, of Ada, for defendant in error.

PER CURIAM. This is an action brought in the district court of Pontotoc county by Carrie Wedge against O. R. Hargis and Etta Hargis for partition of 85 acres of land lying in Pontotoc county.

Plaintiff claims an equitable interest in and to a one-half undivided interest in the premises. In her petition it is alleged that the property was purchased from one Ira Clark; that at the time of the purchase there were two mortgages outstanding against the property aggregating the sum of $804.58; that it was agreed between plaintiff and defendants that if plaintiff would pay off and discharge these mortgages she was to have a one-half interest in and to the property; that she did pay off such mortgages, but when the deed was executed by Ira Clark the premises were conveyed to defendants and she acquired no interest thereto under such deed; that by reason of having complied with such agreement and having discharged such mortgages she is entitled to a conveyance of a one-half interest in and to the premises, and in her prayer she asks legal title be vested in her for one-half interest in and to the property and that partition be decreed accordingly. Defendants demurred to the petition upon the ground that it failed to state a cause of action and there was a misjoinder of causes of action. Upon the demurrer being overruled, defendants answered in which they admitted purchase of the land, admitted that plaintiff had discharged and paid the mortgages against the same, and that they agreed to convey to her a certain interest in the land by reason of such payment, but denied that she was to have a one-half interest therein, but affirmatively alleged that the agreement was that they were to convey her 25 acres of the land. They prepared and tendered to plaintiff a deed to such 25 acres, and that plaintiff refused to accept the deed.

The trial court, at the request of defendants, made findings of fact and conclusions of law, and on such findings

and conclusions rendered judgment in favor of the plaintiff.

Defendants have appealed and as grounds for reversal assert that the trial court erred in overruling the demurrer to the petition and that the judgment of the court is not sustained by the evidence and is contrary to law.

It is the contention of defendants that plaintiff cannot maintain an action in partition for the reason that she claims only an equitable interest in the land; that before she can maintain partition she must first obtain the legal title; that an action to obtain such title cannot be joined with an action in partition. Such was undoubtedly the rule at common law, but this rule does not prevail in code states, where the distinction between actions at law and suits in equity have been abolished and where common law and equity courts are merged and the court is empowered to administer both legal and equitable remedies. In 47 C. J., at page 308, the author announces the following rule:

"In the so-called code states, where the courts of common law and equity are merged and the courts are empowered to administer both legal and equitable remedies, the courts have jurisdiction in partition suits to determine disputed or doubtful questions of title, and it is not necessary at common law to have the title tried in a separate action. The determination of the question of title is merely incidental to the main purpose of the action, which is the partition of the property held in cotenancy."

And at page 301 the author, after stating that under the common-law rule where courts of law only could entertain actions for partition such actions cannot be supported by equitable title alone, further states:

"On the other hand, one having an equitable title and the present right to possession is entitled to partition in a suit brought in a court of equitable jurisdiction, notwithstanding the interest of his cotenants is a legal interest. Nevertheless, partition can be maintained by an equitable owner only where his equity is complete and entitles him to demand a conveyance of the legal title. And while there is authority to the contrary, there are decisions which hold that the mere fact that one has a right to a conveyance of an undivided interest in lands will not, of itself, entitle him to partition, but that this title must be converted into a legal title by appropriate proceedings therefor, such as a suit for specific performance; *but it is further held that it is not essential that the party having such right should obtain specific performance in one suit and then bring another for the partition of the lands, but the bill may be so framed as to obtain specific performance and also a partition of the lands in case specific performance be decreed.*"

In the case of Short v. Patton, 79 W. Va. 179, 90 S. E. 598, it is said:

"Land held by an equitable title only is a proper subject of partition by a suit in equity."

See, also, Ex parte Nixon, 239 Ala. 306, 195 So. 228; Davies v. Keiser, 297 Mo. 1, 246 S.W. 897; Morgan v. Big Wood Lumber Co., 198 Ky. 88, 249 S.W. 329.

Since in this state, under Title 12 O.S. 1941 § 10, distinctions between actions of law and suits of equity and the forms of all such actions and suits are abolished, and since under section 265 of said Title the plaintiff may unite several causes of action in the same petition, whether they be legal or equitable or both, where they all arise out of the same transaction or transactions connected with the subject of the action, we think the above authorities applicable and sustained the action of the trial court in overruling defendants' demurrer to the petition.

We also think that judgment of the trial court is sustained and supported by the evidence. The evidence on behalf of plaintiff discloses substantially the following facts: The land in question was acquired from Ira Clark. It was conveyed to the defendants subject to two mortgages aggregating the sum of $804.58 and upon the conveyance to

them of a piece of property valued at $400. It was agreed between her and the defendants that if she would pay off and discharge the mortgages existing against the premises, she was to receive title to one-half interest in the property; that she did pay such mortgages; that most of the land was nontillable; that it was principally hay land. She further testified that she did not request defendant to execute a deed to her, but that she stated she was purchasing the land for a wayward son and in the event the son should reform she would request that the deed be issued to him, and if not that the deed should be executed to her; that a misunderstanding arose between defendants and her son and defendants then fenced off 60 acres of the land and tendered to her a deed to 25 acres of land which she refused to accept; that the defendants fenced off all the productive land, and that the 25 acres which they offered to deed to her was nonproductive. She further testified that when defendants acquired the deed from Ira Clark she went into possession of the premises and made some improvements thereon and paid half of the taxes. Defendants, in their testimony, denied that they ever agreed to convey to her a one-half interest in the premises, but that they did agree to deed to her 25 acres; that they prepared and tendered to her such deed, and that she refused to accept the same. Several witnesses testified that plaintiff told them that she was to receive a 25-acre interest in the land. Other evidence was offered tending to corroborate the testimony of defendants.

It is defendants' contention that plaintiff's action is one for specific performance of an oral contract and for partition; that the evidence is insufficient to authorize the specific performance of an oral contract for the conveyance of the land; that in order to authorize the specific performance of such contract the terms of the contract must be clearly proven, and that it must be shown that the minds of the parties have met upon all the terms of the contract; that the proof failed to show that an agreement ever existed between plaintiff and defendants that defendant should convey to plaintiff any interest in the land. We think, however, the evidence offered on the part of plaintiff is sufficient to show that such contract existed and the terms thereof. Defendants themselves admit that such an agreement existed. The only dispute between the parties consists of the interest that should be conveyed to plaintiff. The evidence shows that plaintiff paid in excess of two-thirds of the purchase price of the land. It also shows that the land was chiefly valuable as hay land and that defendants set off to themselves all the land which was valuable for hay and that the 25 acres of land which defendants offered to deed to plaintiff was nonproductive and principally waste land. Defendants do not deny that plaintiff went into possession of the premises under the agreement and made improvements thereon. When these circumstances are taken into consideration with the testimony offered by the plaintiff, we do not think it can be said that the finding of the trial court that she has sufficiently and clearly proven such an oral agreement as may be specifically performed is contrary to the weight of the evidence. Miller v. Roberts, 140 Okla. 271, 282 P. 1104.

The trial court in its judgment also rendered a judgment against the defendants for the recovery of the sum of $202.29. It is not clear upon what theory such judgment was rendered. Plaintiff, however, in her brief states that such judgment was rendered to compensate plaintiff for the difference between the amount paid for the premises by plaintiff and that paid by the defendants. If this is the theory upon which such judgment was rendered, it is in our opinion clearly erroneous. Plaintiff under her own testimony agreed to pay off the mortgage for one-half interest in the premises. This is all she claims to have paid, and if this be true, she could not recover from the defendants any amount in order to equalize payment of the purchase price. This part of the judgment should be eliminated.

The judgment of the trial court is therefore modified to conform to the views herein expressed and as so modified is affirmed.