82 So.2d 633

**Lillie Howard ISBELL et al.**

v.

**Henry W. PERRY, Jr., et al.**

7 Div. 258.

Supreme Court of Alabama.

Aug. 18, 1955.

M. B. Grace, Birmingham, for appellants.

Paul O. Luck, Columbiana, for appellees.

**PER CURIAM.**

This is a statutory suit by appellees under sections 1109 et seq., Title 7, Code, to quiet the title to certain described land, being a personal proceeding. There was a final decree favorable to complainants against all respondents whose claims were tried.

The court held that two of the respondents made their demand for a jury trial within the required time, but that the other respondents made their demand after the expiration of their right to do so and, therefore, their demand was stricken and a

jury trial was denied them. Many of the issues of fact were common to all the respondents. The court proceeded with the trial without a jury as to some of the respondents and rendered a decree on the evidence favorable to complainants and quieted their title insofar as those respondents were concerned. That is the decree from which those respondents have appealed. They have included in the assignments of error that the court erred in striking their demand for a jury trial.

The original bill was filed February 19, 1951, and summons was served on appellants February 21, 1951, and on Frances Howard Alexander and Evie Howard on March 7, 1951. A demand for a jury trial filed March 23, 1951 was signed by the solicitor for the respondents. That of course means all of them.

On July 20, 1951 complainants moved to strike the demand for a jury trial because not filed by respondents within thirty days after the perfection of service on each respondent, respectively. On September 19, 1951 the court made an order that as to all the respondents, except Frances Howard Alexander and Evie Howard, the motion to strike the demand for a jury trial was sustained and the same was stricken. As to Frances Howard Alexander and Evie Howard it was overruled and denied. The demand by them for a jury trial was filed within thirty days after service on them. In the final decree the court declared that it affected all the respondents except those two. The record does not show a trial has been had as to them.

■ Appellees contend that the demand for a jury trial by appellants was properly stricken because it was not made in thirty days after service of summons upon them. They cite section 260, Title 7, Code, as requiring such demand to be made by respondents within thirty days after service of summons on them. But a reference to the calendar will show that March 23, 1951, when the demand for a jury was made, was within thirty days after February 21, 1951 when service was had on respondents, applying section 12, Title 1, Code.

■ Moreover, we think the court was in error in holding that a demand for a jury trial in equity, as authorized by section 1112, Title 7, Code, must be made within thirty days after service on respondent as set forth in section 260, Title 7, applicable alone to civil suits at law. There is no time prescribed by section 1112, supra, in which the demand must be made. In that respect it resembles section 326, Title 7, applicable to partition suits. This Court has held that since no time limit is prescribed by it, there is none. Ex parte Nixon, 239 Ala. 306, 195 So. 228. A like ruling was held in respect to a jury trial on the contest of a will. Stedham's Heirs v. Stedham's Ex'r, 32 Ala. 525. See Curb v. Grantham, 212 Ala. 395, 102 So. 619; Ex parte Baird, 240 Ala. 585, 200 So. 601. It is clear that section 260 does not serve to write a time limit into section 1112, which applies here in equity. We find no other statute which does so.

■ But we observe that the court should not in the same suit try an important issue of fact in two distinct proceedings, one with a jury and one without it. Different results should not be permitted to stand in the same suit. 53 Am.Jur. 64; 88 C.J.S., Trial, § 8, p. 30; Englehart v. Richter, 136 Ala. 562, 33 So. 939; Davis v. Orum, 34 Ala.App. 387, 40 So.2d 442, certiorari denied 252 Ala. 218, 40 So.2d 444.

■ Section 1112, supra, accords a jury trial on the application of "either party". That is usually construed to mean "all parties having similar interests", and where only two of several defendants demand a jury, the court may deny such demand. Burns v. City of Nashville, 142 Tenn. 541, 221 S.W. 828, 838; 50 C.J.S., Juries, § 11, p. 726. But, as stated above, all the respondents demanded a jury trial and all had the right to do so, and it was error to deny such right.

It results that the decree of the trial court should be reversed and remanded.

The foregoing opinion was prepared by FOSTER, Supernumerary Justice of this Court, while serving on it at the request of the Chief Justice under authority of Title

13, section 32, Code, and was adopted by the Court as its opinion.

Reversed and remanded.

LAWSON, SIMPSON, STAKELY, GOODWYN, MERRILL and MAYFIELD, JJ., concur.