143 So.2d 454

**Liza Jane KIRKLEY et al.**

v.

**A. E. GREEN.**

**6 Div. 771.**

Supreme Court of Alabama.

July 12, 1962.

1. Ante, p. 103.

John Self, Hamilton, for appellants.

M. C. Hollis, Jr., Winfield, and Fite & Fite, Hamilton, for appellee.

SIMPSON, Justice.

This is an appeal ·from a final decree of the Circuit Court in Equity of Marion County ordering land belonging to the parties to be sold for division of proceeds among the joint owners.

The decree of the trial court was in favor of complainant and respondents bring this appeal.

Four of the respondents who answered the bill demanded a jury trial and two did not. The trial court denied a jury trial to all respondents and proceeded to trial before the court, without a jury.

In view of our conclusion that error prevailed in the refusal of the trial court to grant a jury trial on the demand of the four respondents, we limit discussion to this assignment of error.

■ The learned trial court evidently, and understandably, concluded against the respondents' request for a jury on the authority of Isbell v. Perry, 263 Ala. 292, 82 So.2d 633. That case was a suit to quiet title under § 1109 et seq., Title 7, Code. In construing § 1112 (right to jury trial) the opinion contains dictum to the effect that where several defendants demand a jury trial and others do not, the court "may deny such demand". That conclusion was not necessary to a decision of the case for it is noted that after stating the above dictum the opinion went on to say, "but, as stated above, all the respondents demanded a jury trial and all had the right to do so, and it was error to deny such right". The dictum was taken from 50 C.J.S. Juries § 11, p. 726 which statement of principle was rested on Burns v. City of Nashville,

142 Tenn. 541, 221 S.W. 828. The Tennessee court seemed to have reached that conclusion on the rationale that where some defendants demanded a jury and others did not, it would require the court to have two separate trials, one before the court for the parties who did not demand a jury, and a jury trial for the parties who did demand a jury.

Upon more mature consideration we are of the opinion that our reference to the Tennessee case, above cited, should be clarified, lest we be thought to have committed ourselves to the rule that where only *some* of several defendants demand a jury in an equity case, the court may deny such demand.

 We have held that by virtue of Title 7, §§ 322–326, parties to a partition proceeding as a matter of right are entitled to a jury trial. Owens v. Washington, 260 Ala. 198, 69 So.2d 694.

 The term "either party", as used in §§ 326, 1112, Title 7 of the Code, among others, means all of the parties complainant or respondent. Isbell v. Perry, supra; 50 C.J.S. Juries § 11, p. 726. And such was not intended to split a cause of action into two separate proceedings, one with a jury and one without it. Isbell v. Perry, supra.

 Our disagreement with Burns v. City of Nashville, supra, is that it would authorize a denial of jury trial to all respondents where it was demanded by a number less than all of the respondents. We think the better rule is that where there is a demand by some of the complainants or respondents, the court should grant a jury trial to all. This would more nearly conform to our general tradition of the constitutional right to trial by jury, and at the same time avoid the anomaly of two separate trials upon an important issue of fact.

Sections 186 et seq., Title 47, gives the Circuit Court original jurisdiction to divide, partition, or sell for partition, any property held by joint owners, whether the defendant denies complainant's title or sets up an adverse claim, and a respondent who denies the complainant's title or sets up an adverse claim is entitled, on demand, to a jury trial. Sandlin v. Anders, 210 Ala. 396, 400, 98 So. 299.

 Our conclusion that any respondent demanding a jury under the stated statute is entitled to have a jury trial, is reinforced by the thought that if it should be held in this case that where some defendants demand a jury trial and others do not the court may deny to all parties the right to a jury trial, it might lead to dangerous consequences and sooner or later the principle might be projected into civil actions at law.

Reversed and remanded.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.