**Gaylord VIERHELLER, Plaintiff in Error,**

v.

**Alfred VIERHELLER, Defendant in Error.**

**No. 43313.**

Supreme Court of Oklahoma.

March 10, 1970.

McComas & McComas, and Arthur G. McComas, Elk City, Guardian ad litem, for plaintiff in error.

Hieronymus & Hodgden, Woodward, for defendant in error.

JACKSON, Justice.

This is an action brought by Alfred Vierheller, as plaintiff in the trial court, to partition approximately one and three-quarter sections of land in Harper County, Oklahoma. The plaintiff and his two sisters and two brothers acquired this land in the distribution of the estates of their parents. One of the brothers, Gaylord Vierheller, filed an answer and cross-petition in the trial court and the cross-petition was dismissed and stricken from the files by the trial court.

Gaylord Vierheller has appealed from the order dismissing and striking the cross-petition from the files. He presents in his appeal the proposition that the trial court erred in dismissing and striking the cross-petition of Gaylord Vierheller and in ordering the partition of real estate as prayed for by plaintiff.

In Gaylord's cross-petition he alleges that his parents had deeded approximately one and three-quarter sections of land to plaintiff, Alfred Vierheller, prior to their deaths by reason of Alfred's fraud, duress,

and undue influence. That Alfred, as administrator of their estates, had not included this land as a part of the estates. Gaylord sought in effect to have the trial court abate Alfred's action for partition pending the trial of Gaylord's cross-petition so that if Gaylord should be successful in setting aside the deeds from the parents to Alfred that the entire acreage consisting of approximately three and one-half sections could be sold more advantageously and at a better price than if sold in separate partition sales.

The journal entry of judgment shows that the trial court entered judgment for plaintiff, Alfred Vierheller, and ordered the land described in plaintiff's petition partitioned. The affirmative relief prayed for by the defendant, Gaylord, in his answer was reserved until such time as the land described in plaintiff's petition was partitioned or sold. The cross-petition of Gaylord was "dismissed and stricken from the files" by a separate order.

The journal entry of judgment shows that plaintiff introduced his evidence and rested and that the defendants introduced no evidence.

Gaylord invites our attention to Hargis v. Wedge, 195 Okl. 493, 159 P.2d 553, wherein we held that an action to quiet title and for partition may be joined in the same action. He states in his brief that he was emotionally disturbed at the time of the trial and was in no condition to testify, and that he had been previously declared mentally incompetent and was represented at the trial by a guardian of his person and estate and by guardian ad litem appointed by the court. We are further informed that the guardian of his person and estate had refused to file an action to quiet the title and for partition of the land which had been deeded to Alfred by his parents and that unless the action could be reached by the cross-petition filed by his guardian ad litem that he would be unable to file an action and obtain the relief prayed for in his cross-petition.

■ In Gaylord's cross-petition he does not plead any facts in support of his allegation that Alfred obtained the deeds by fraud, duress and undue influence. He did not present any evidence in support of the allegation, and the record before us does not disclose that he made an offer of proof in support of the allegations contained in his cross-petition. Under these circumstances we are unable to conclude that the trial court erred in dismissing and striking the cross-petition from the files.

■ We are of the view that the trial court could have abated Alfred's action for partition pending a trial of Gaylord's cross-petition to quiet title to the land deeded to Alfred. The jurisdiction of the trial court to try a multiplicity of claims in the same action has been extended in recent years. 12 O.S.Supp.1965, Secs. 243, 323 and 324. However, there is no evidence or offer of proof in the record before us to justify a conclusion that Gaylord could sustain the allegations of his cross-petition, or support the argument that the land would sell at a better price if all of the land described in the petition and cross-petition could be sold at the same sale.

The judgment of the trial court is affirmed.

IRWIN, C. J., and DAVISON, WILLIAMS, HODGES and McINERNEY, JJ., concur.