EMBRY, Justice.
The issue here is whether defendants to an action of partition and sale for division are entitled to a jury trial on demand. We hold they are and reverse.
Plaintiffs, the Stallworths and others, petitioned that a tract of land in Covington County be sold for division, alleging that they and defendants were joint owners, or tenants in common, of the property. Five of defendants, one of whom, Jacob Freeney, is appellant here, filed an answer that denied plaintiffs’ interest in the land, and alleged that Antnie (Anntie) Freeney was the true owner of the property, having acquired title by warranty deed; Antnie Freeney counterclaimed and alleged she is sole owner of the property by warranty deed and adverse possession. Plaintiffs filed a motion to strike defendants’ jury demand. It was granted. The court heard the evidence without a jury and entered a final decree; Antnie Freeney’s counterclaim was denied, the respective interests of plaintiffs and defendants, in the land, were determined and a sale for division ordered. Defendant Jacob Freeney was awarded a 54/1080 interest; other defendants and plaintiffs received varying fractional shares.
Jacob Freeney filed motion for rehearing on the grounds of failure to provide a jury trial as demanded, and failure to rule that Antnie Freeney and her sons Jacob, Altea, Orea and C. L. Freeney had acquired title to the property by adverse possession. The motion was denied. The defendant appeals, asserting the sole issue to be whether he is entitled to a jury trial.
The record before us consists only of the pleadings, motions, orders and final decree of the court. In his designation of the record on appeal, defendant requested no testimony be transcribed and based his appeal “on the record proper,” saying the issue for review is as stated above. Rule 10(b)(2), ARAP. Plaintiffs, appellees, designated other parts of the record on appeal: plaintiffs’ amended complaint alleging that the deed through which Antnie Freeney claims title to the land is null and void, the answer to Antnie’s counterclaim denying same, defendants’ amended answer pleading the statute of limitations, and Antnie Freeney’s motion for directed verdict. Plaintiffs also filed a motion to dismiss the appeal.
A. Right to jury trial
Title 7, § 326, Code of Ala. (1940), provides that a defendant in an action for partition, or sale for division, who denies plaintiff’s title or sets up an adverse claim *754 is entitled, on demand, to a jury trial. This principle has been consistently adhered to in the decisions of this court. Biddy v. Biddy, 284 Ala. 68, 222 So.2d 162 (1969); Kirkley v. Green, 273 Ala. 602, 143 So.2d 454 (1962); Sandlin v. Anders, 210 Ala. 396, 98 So. 299 (1923). This is not, as plaintiffs contend, in conflict with Tit. 47, §§ 186 et seq. That statute confers upon the circuit court original jurisdiction to divide, partition, or sell for division, property held by joint owners. Because the statute provides that in such actions the court shall proceed “according to its own practices in equity cases” and that the court shall decide all questions concerning title, does not preclude or modify the right of those who deny plaintiffs title to a jury for the trial of fact issues. A careful reading of Sandlin v. Anders, supra, will show that the purpose of Tit. 47, § 186, was to abolish the old rule that a court of equity had no original jurisdiction to sell lands for division. The purpose of the statute was to avoid requiring a plaintiff to establish legal title in a court of law before bringing suit for partition in a court of equity. Under Tit. 47, § 186, questions of title and orders for sale or partition can be tried and made in the same forum. The right to jury trial, on demand, remains intact.
B. Motion to dismiss the appeal
Plaintiffs filed a motion to dismiss this appeal on various grounds, one of which is that the record on appeal is insufficient to support the appeal. Rule 10, ARAP, governs composition of the record on appeal. Subsection (b)(2) provides that appellant must, within seven days of notice of appeal, order and file a description of those parts of the proceedings he determines are necessary for inclusion in the reporter’s transcript. Appellant in the present case did not file any portion of the reporter’s transcript. Rule 10(b)(2) further provides that “ * * * if less than all of the proceedings are designated, in addition thereto the appellant shall serve on the appellee a statement of the issues he intends to present on appeal. * * * ” Appellant here, in his designation of record on appeal, states “ * * * having designated less than the entire reporter’s transcript * * * the issue to be presented for review is as follows:
“The correctness of the action of the trial court in granting the Appellees Motion to Strike the Demand of the Appellant for a jury trial in this cause.”
Included in the record on appeal are the pleadings, motions, orders, findings and final decree. The record, in this posture, is sufficient to support a review of the question presented as the issue on appeal in this action to sell for division. The trial court erred when it granted plaintiffs’ motion to strike defendants’ jury demand; the decree subsequently rendered is erroneous and defendants are entitled to a jury trial.
REVERSED AND REMANDED.
TORBERT, C. J., and BLOODWORTH, JONES and ALMON, JJ., concur.