**TOLLEFSON DEVELOPMENT, INC., Appellant,**

v.

**Patrick McCARTHY, et al., Respondents.**

**No. A03–185.**

Court of Appeals of Minnesota.

Sept. 16, 2003.

Chad D. Lemmons, Linda K. Thompson, Kelly & Fawcett, P.A., St. Paul, MN, for appellant.

Rollin H. Crawford, Stephen H. Fochler, Ann C. O'Reilly, LeVander, Gillen & Miller, P.A., St. Paul, MN, for respondent.

Considered and decided by HARTEN, Presiding Judge, HUDSON, Judge, and WRIGHT, Judge.

## OPINION

WRIGHT, Judge.

On appeal from the dismissal of its action for failure to state a claim on which relief could be granted, appellant argues that the settlement of a separate action to enforce a purchase agreement to transfer real property creates an equitable interest in the land sufficient to sustain this action for partition. We affirm.

## FACTS

James McCarthy and respondent Patrick McCarthy were brothers and owners as tenants in common of a parcel of real property located in Eagan. On August 17, 2000, James McCarthy signed a purchase agreement to sell his interest (approximately 60 acres) in this parcel to appellant Tollefson Development, Inc. Pursuant to this agreement, the sale was conditioned on appellant's fulfillment of nine contingencies. Patrick McCarthy was not a party to this purchase agreement.

Appellant sued James McCarthy to enforce the purchase agreement and to compel the sale of the property. On April 30, 2002, appellant and James McCarthy reached a settlement, providing for a payment of $4.2 million from appellant to James McCarthy in exchange for his inter-

est in the parcel and requiring the sale of the property to close before November 14, 2002.

Before the sale could close, however, James McCarthy died intestate. Patrick McCarthy is James McCarthy's sole heir at law and was appointed personal representative of James McCarthy's estate. Appellant moved to enforce the settlement agreement. In its October 16, 2002, settlement order, the district court concluded that appellant and James McCarthy reached a binding settlement agreement but that "Patrick McCarthy was not a party bound by the terms and conditions of the settlement agreement." Although the motion was brought and the settlement order was issued months after James McCarthy's death, the order neither addresses his death nor the means by which appellant may enforce the settlement on James McCarthy's estate.

Because the estate of James McCarthy took no action to sell the interest in the property to appellant as dictated by the settlement agreement, appellant sued Patrick McCarthy and any unknown claimants to an interest in the property on October 20, 2002, seeking partition of the property. On October 29, 2002, appellant also filed a claim in probate court asserting rights to the real property.[1] On December 10, 2002, Patrick McCarthy brought a motion to dismiss the partition action under Minn. R. Civ. P. 12.02(e), arguing that appellant's interest in the property was not sufficient to support a claim for partition. On February 5, 2003, the district court granted Patrick McCarthy's motion to dismiss appellant's complaint with prejudice for failure to state a claim on which relief could be granted. This appeal followed.

## ISSUE

Did the district court err in granting the motion to dismiss because appellant, relying solely on the equitable interest obtained from a purchase agreement for real estate with unfulfilled contingencies, failed to state a claim on which relief could be granted?

## ANALYSIS

A complaint that fails to state a claim on which relief can be granted must be dismissed. Minn. R. Civ. P. 12.02(e). We review a complaint dismissed pursuant to Rule 12.02(e) to determine "whether the complaint sets forth a legally sufficient claim for relief." *Elzie v. Comm'r of Pub. Safety,* 298 N.W.2d 29, 32 (Minn.1980) (emphasis omitted). Because dismissals under Rule 12.02(e) are generally disfavored, we will not uphold such a dismissal "if it is possible on any evidence which might be produced, consistent with the pleader's theory, to grant the relief demanded." *Martens v. Minn. Mining & Mfg. Co.,* 616 N.W.2d 732, 739–40 (Minn.2000). We must accept the allegations contained in the complaint as true; whether the plaintiff can prove the alleged facts is immaterial to our analysis. *Elzie,* 298 N.W.2d at 32–33.

In granting Patrick McCarthy's motion to dismiss, the district court held that the equitable interest that appellant obtained by entering a purchase agreement with James McCarthy was insufficient to give appellant standing to bring a partition action. To maintain an action for partition, a party must first show that it is seized of the requisite title to the property.

1. On February 28, 2003, Patrick McCarthy, in his capacity as the personal representative of James McCarthy's estate, disallowed appellant's probate claim. Appellant challenged this disallowance, and the matter remains in probate. The probate claim is not the subject of this appeal.

*Ferguson v. Shea,* 374 N.W.2d 575, 576 (Minn.App.1985). Section 558.01 governs who may bring an action to partition real property:

> When two or more persons are interested, as joint tenants or as tenants in common, in real property in which one or more of them have an estate of inheritance or for life or for years, an action may be brought by one or more of such persons against the others for a partition thereof according to the respective rights and interests of the parties interested therein....

Minn.Stat. § 558.01 (2002). Appellant argues that the purchase agreement vested equitable title in appellant, leaving only the legal title with James McCarthy. Because it obtained James McCarthy's interest in the subject real estate from the settlement, appellant maintains that it has a common ownership interest with Patrick McCarthy sufficient to support a partition action.

It is undisputed that appellant has an equitable interest in the Eagan parcel. Under the doctrine of equitable conversion, once parties have executed a binding contract for the sale of real estate, as here, equitable title vests in the vendee and the vendor holds only legal title as security for payment of the balance of the purchase price. *Stiernagle v. County of Waseca,* 511 N.W.2d 4, 5 (Minn.1994); *In re S.R.A.,* 219 Minn. 493, 505, 18 N.W.2d 442, 449 (1945), *aff'd sub nom. S.R.A., Inc. v. State,* 327 U.S. 558, 565, 66 S.Ct. 749, 754, 90 L.Ed. 851 (1946). As equitable fee owner, the vendee is entitled to full possession and enjoyment of the property, subject to cancellation of that ownership interest if the vendee does not comply with the contract terms. *Stiernagle,* 511 N.W.2d at 5.

In recognizing the equitable-conversion doctrine, the Minnesota Supreme Court held in *S.R.A.* that, under an executory real-estate contract, the equitable estate, in its entirety, passes immediately to the vendee at the moment the contract becomes effective. 219 Minn. at 505, 18 N.W.2d at 449. Only legal title remains with the vendor for security purposes. *Id.* Addressing the possibility that the closing would not occur, the *S.R.A.* court stated,

> [t]he vendee's equitable title may be divested for failure of the vendee to perform the conditions of the contract; but, until divested, such equitable title is wholly in the vendee. The instant vesting of the entire equitable title in the purchaser is consistent with his right to enjoy the entire use and benefit of the property (inclusive of both profits and increments in value) although he has paid only a fraction of the purchase price.

*Id.* at 505, 18 N.W.2d at 449–50 (citations omitted).

Minnesota courts have held that the common ownership required by the partition statute may be based on either legal or equitable title. *Searles v. Searles,* 420 N.W.2d 581, 583 (Minn.1988) (citing *McArthur v. Clark,* 86 Minn. 165, 90 N.W. 369 (1902)). Although such a holding is potentially determinative, our analysis does not end here. An examination of the nature of the equitable interest is necessary to determine whether it provides an interest in real property that is sufficient to maintain a partition action.

*Searles* is distinguishable from this case because it does not address whether a vendee's equitable interest obtained from a real-estate purchase agreement may sustain a partition action. Instead, *Searles* addressed whether, after a marital dissolution, a party can bring a partition action against a former spouse based on the party's marital interest in real estate purchased by the former spouse. *Id.* The

supreme court concluded that the party's marital interest was "not inchoate; it matured at the time of dissolution of the marriage." *Id.* Her ownership claim, therefore, was sufficient to bring an action to partition the property. *Id.* Thus, although Minnesota courts have recognized that equitable title may support a partition action, here we must determine more precisely whether the equitable interest appellant obtained from executing a purchase agreement vested appellant with a mature, choate interest that will support a partition action.

Patrick McCarthy argues that, because the purchase agreement contained nine contingencies that had to be satisfied before the sale closed, which remain unsatisfied, appellant's interest, even if labeled "equitable," is insufficient to form the basis of a partition action. Patrick McCarthy's argument is supported by the law of other jurisdictions.

The Oklahoma Supreme Court has held that partition can be maintained by an equitable title holder only if the individual's "equity is complete and entitles him to demand a conveyance of the legal title." *Hargis v. Wedge,* 195 Okla. 493, 159 P.2d 553, 554 (1945). Likewise, the Indiana Supreme Court has held that, in order to bring an action for partition, the party maintaining a partition action must have either legal or equitable title and the "right" to possession. *Hurwich v. Zoss,* 170 Ind.App. 542, 353 N.E.2d 549, 550–51 (1976); *Helvey v. O'Neill,* 153 Ind.App. 635, 288 N.E.2d 553, 557 (1972). Similarly, the Missouri Court of Appeals held in an apposite case that, when the parties seek-

ing partition never possessed legal title, had given no value to the vendor, and had no vested interest in the real estate, they could not maintain a partition action. *Trenholm v. Trenholm,* 701 S.W.2d 209, 212 (Mo.Ct.App.1985).

New York's highest court has held that, when partition is sought pursuant to the sale of real property, only a vendee who possesses *legal title* to real property may maintain a partition action. *Gifford v. Whittemore,* 4 A.D.2d 379, 165 N.Y.S.2d 201, 204–05 (N.Y.A.D. 3 Dept.1957). Because legal title remains in the vendor after a real-estate contract is signed, the equitable interest of the vendee obtained by equitable conversion is "not sufficient to sustain an action in partition." *Id.* at 205. New York distinguishes the rights of vendees with legal title from those with equitable title, concluding that, for purposes of partition, "it is not enough that a person is *entitled to a conveyance* of an interest in real property which a court of equity could enforce." *Side v. Brenneman,* 7 A.D. 273, 40 N.Y.S. 3, 6–7 (N.Y.A.D. 1 Dept.1896) (emphasis added). The vesting of legal title in such real property is a condition precedent to partition. *Id.; see also* 59A Am. Jur. 2d Partition § 29 ("Vendees under a land purchase agreement do not have an interest in real estate which may be subject to partition.").[2]

■ Our analysis of Minn.Stat. § 558.01, the caselaw of other states, and relevant treatises leads us to conclude that an equitable title, obtained pursuant to a purchase agreement with unfulfilled contingencies, constitutes an insufficient interest in real property to maintain a partition action. Because these unfulfilled contin-

---

**2.** In addressing who may demand partition, Tiffany on Real Property states that

> [o]rdinarily, one seeking partition must have an estate in possession, entitling him to enjoy the present rents or possession of the property as a cotenant thereof, and

must be the owner of a *vested undivided interest* in the premises jointly, as a tenant in common or in co-parcenary with those against whom he seeks partition.

2 Tiffany on Real Property 475 (3d ed. Supp. 2002) (emphasis added).

gencies exist, appellant's equitable interest falls short of the standard necessary to demand conveyance of legal title. Likewise, the equitable interest here is distinguishable from the mature, choate interest in *Searles* that was necessary to support partition. In light of the inherent uncertainty created by the unmet contingencies that could preclude enforcement of the purchase agreement between appellant and James McCarthy, even appellant's future entitlement to obtain legal title remains unresolved. We conclude that the inchoate, unvested, and contingent features of appellant's equitable interest in the property preclude a legally sufficient basis for partition.

## DECISION

We affirm the district court's dismissal of appellant's partition action for failure to state a claim on which relief could be granted. Neither the purchase agreement nor the subsequent settlement agreement with James McCarthy gives appellant a sufficient interest in real property to maintain a partition action. Because appellant's equitable interest was contingent on fulfilling nine conditions that have not been satisfied, appellant does not have a choate, vested interest, which is necessary to maintain a partition action.

**Affirmed.**