No. 31,134

GERTRUDE CUMMINGS, *Appellee*, v. LESTER A. CUMMINGS, *Appellant*
(THE WHEELER, KELLY, HAGNY TRUST COMPANY, *Appellee*).

(26 P. 2d 440.)

Opinion filed November 11, 1933.

*Lew E. Clogston,* of Wichita, for the appellant.

*Allen B. Burch, J. B. Patterson* and *P. J. Warnick,* all of Wichita, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one by plaintiff, Gertrude Cummings, who procured a divorce from defendant, Lester A. Cummings, in Texas, for division of property in this state acquired while the marriage relation existed. Plaintiff recovered, and defendant appeals.

The district court made a statement of the nature of the case and returned findings of fact and conclusions of law as follows:

"This is an action for the division of personal property consisting of stocks and bonds located in Wichita, Kan., the same being the result of earnings of husband and wife during coverture. The questions involved are, first, has this court a right to make a division of such property where a divorce was decreed to the wife under the laws of the state of Texas, where alimony was not and could not have been obtained; and second, what amount, if any, should be allowed plaintiff."

"FINDINGS OF FACT

"1. Plaintiff is now a resident of El Paso county, Texas. Defendant is a resident locally. Plaintiff and defendant, Lester Cummings, were married August 2, 1907. In 1918 a home was purchased in Madison, Kan., where defendant was a dentist, and placed in the name of the plaintiff. Defendant was commissioned first lieutenant in the world war, was located at Kansas City, Kan. After his discharge he returned to Madison, Kan., and engaged in the practice of dentistry and also became interested in the oil and gas business,

taking up some leases. In the summer of 1922 plaintiff and defendant moved to Chicago, Ill., where he was engaged in hospital work. Up until that time they had accumulated approximately $5,000, and among their belongings being certain oil and gas leases. In August, 1922, the defendant husband was stricken with a mental disease, was removed to the government hospital at Marion, Ind., and on November 28, 1924, was in that state adjudged insane, and on the 6th day of December, 1924, was adjudged insane in the probate court of Greenwood county, Kansas. He was confined in government hospitals of Indiana, Illinois and Texas, until the 13th day of November, 1930.

"2. During his confinement his wife made visits to see him and in December, 1924, was appointed guardian of his estate. The husband received compensation from the government and still receives compensation in the sum of $182.50 per month.

"The wife, during the time her husband was incompetent, handled the property, making sales of the leases, collecting income, and also during her guardianship. The entire amounts involved herein are the results of their joint efforts and of her own efforts while so acting for both. In the latter part of 1930, following confinement in the state hospital of El Paso the defendant was in the state of Texas adjudged sane and on December 1, 1930, he was adjudged sane and restored to full rights of citizenship and possession of his property by the probate court of Greenwood county, Kansas. After such adjudication in Texas and Kansas, and on the 31st day of December, 1930, plaintiff filed an action for divorce against the defendant in El Paso county, Texas. This was with the full knowledge of the defendant, who was part of the time in Texas and part of the time in New Mexico, he going back and forth between the two places. Personal service was not, however, obtained upon him.

"3. In accordance with the laws of Texas substituted service was had on the defendant by out-state notice accompanied by a certified copy of the petition in the divorce action, said notice and copy of petition being received by him while in the state of Kansas. Decree of divorce was granted plaintiff in the district court of El Paso county, Texas, on April 7, 1930. No alimony was granted nor division of property made by the Texas court, for the reason that the Texas court deemed itself without jurisdiction because of the character of service had upon the defendant and because the personal property was outside the state of Texas.

"4. During the years of the defendant's incompetency he received support from the government and some money forwarded from the estate; his wife supported herself out of the joint earnings and from allowance made by the probate court of Greenwood county and from the government.

"5. At the time of the decree there was some real estate in Kansas in the name of the defendant, an oil royalty and a Buick automobile; the home in the name of the plaintiff, and the property in question, which is the subject of this litigation, consisting of approximately $14,000 in stocks, bonds and first-mortgage obligations held in the possession of the Wheeler, Kelly, Hagny Trust Company of Wichita, Kan.

"6. No mismanagement, inefficiency, negligence or bad faith on the part

of the plaintiff in the handling of the estate or properties and the business affairs of the parties has been shown.

"CONCLUSIONS OF LAW

"1. The district court of El Paso county, Texas, was without jurisdiction or power to grant alimony or division of property in connection with the decree of divorce, and did not have jurisdiction of the personal property in Kansas.

"2. The decree of the Texas court is res adjudicata on the question of divorce but is not res adjudicata upon the rights of the respective parties in property the result of their joint efforts. No adjudication has ever been made as to the same.

"3. This court has jurisdiction of the parties and the personal property within the state of Kansas for the purpose of making ·an equitable division thereof.

"4. Under the facts in this case plaintiff should receive as a fair and equitable portion of the property in question five thousand dollars ($5,000), par value, from the stocks, bonds and mortgages held in trust in the Wheeler,. Kelly, Hagny Trust Company of Wichita, Kan., to be set off kind against kind and value against value in so far as it is possible to do so. Plaintiff is also entitled to judgment for costs of this action."

The meritorious question presented by defendant is whether the district court had jurisdiction to make division of property in this state after the parties were divorced in Texas, the Texas decree not having dealt with the subject of division of property.

The first conclusion of law is in strictness a finding of fact relating to the law of Texas. That law was pleaded in the petition and was proved at the trial. The service on the defendant in the divorce action was constructive only, and he entered no appearance. The property of the parties was all outside the state of Texas, and under the law of Texas the divorce court had no jurisdiction to adjust property rights of the parties.

When the court of a foreign state has jurisdiction in a divorce action to adjudicate property interests, but the decree of divorce is silent on the subject, a court of this state will not consider division of property because the matter is res judicata. (Roe v. Roe, 52 Kan. 724, 35 Pac. 808, followed in numerous subsequent cases.) Manifestly this cannot be true when adjudication was impossible for lack of jurisdiction.

The law of this state recognizes that a wife has an interest in property accumulated by husband and wife while the marriage relation existed. The interest is distinct from alimony. (Hardesty

*v. Hardesty,* 115 Kan. 192, 222 Pac. 102; *Hendricks v. Hendricks,* 136 Kan. 69, 12 P. 2d 804.) Alimony has for its basis right to maintenance only. Division of property has for its basis right to a just and equitable share of property. (*Bowers v. Bowers,* 70 Kan. 164, 167, 78 Pac. 430.) In this instance the marriage relation could be and was dissolved, but the divorce court was powerless to wind up the affairs of the marital venture completely. It could not lawfully adjudicate interests in property not within the jurisdiction of the court, and did not attempt to do so. Under these circumstances the question arises whether the wife lost her interest in property in this state which was accumulated while the marriage relation existed. This court is of the opinion she did not, and the district court of this state having jurisdiction over the property was authorized to make a proper division of it.

In the case of *Fuller v. Fuller,* 33 Kan. 582, 7 Pac. 241, a man married a woman who had a husband living. The man brought an equitable action for annulment of the colorable marriage, and it was held the action could be maintained. It was also held that in such an action the woman could not recover alimony, but the court said that in all judicial separations of persons who have lived together as husband and wife there should be a fair and equitable division of property.

The action in the case of *Werner v. Werner,* 59 Kan. 399, 53 Pac. 127, was one for divorce. It appeared that although the parties lived together, the marriage was void from the beginning. The pleadings were so framed that it was within the power of the court to grant relief independently of the divorce statute, and the decree was one of nullity. It was held alimony could not be granted, but that the court had power, independently of the divorce statute, to decree a division of property which had been jointly accumulated by the parties.

In the case of *Reese v. Reese,* 132 Kan. 438, 295 Pac. 690, a woman, supposing she was divorced from her husband, married another. In fact, no divorce had been granted. The second husband procured a divorce and a decree settling property rights. Afterwards, and in 1921, the parties commenced to live together as man and wife and continued to do so until 1927, when they separated and the man married another woman. In due time the woman from whom he separated commenced an action for an accounting of prop-

erty accumulated while they were living together.  In the opinion the court described the nature of the action as follows:

"The plaintiff is not seeking to recover as the wife of the defendant.  She is not seeking to recover from the defendant on a contract.  She is not seeking to recover property held by the defendant in his own right.  She is seeking to recover a part of the property which she assisted in accumulating and which justly belongs to her."  (p. 441.)

The court held she could recover.

The authorities referred to are controlling here.  Plaintiff and defendant were husband and wife in law and in fact until the divorce was granted.  She did not sue as wife, but she sought to recover part of the property which justly belonged to her and which the Texas decree did not preclude her from recovering.

Defendant complains of the amount of property awarded to plaintiff, but the complaint is without substantial merit.  The question whether a restraining order preventing the custodian of the property from delivering any of it to defendant while the action was pending became moot with rendition of final judgment.

The judgment of the district court is affirmed.

HUTCHISON, J., not sitting.