## STEPHENSON v STEPHENSON

Ohio Appeals, 8th Dist, Cuyahoga Co

No 15512.   Decided Oct 12, 1936

John J. Sexton, Cleveland, for plaintiff-appellee.

D. J. Laurienzo, Cleveland, for defendant-appellant.

### OPINION

By LEVINE, J.

This case presents only a question of law.   On February 11, 1935, the plaintiff filed her petition for alimony in the Common Pleas Court.   She alleged that she was a bona fide resident of the state of Ohio for more than one year last past, and likewise that she had a bona fide residence in the County of Cuyahoga; that there had been born as the issue of her marriage to Hershel Stephenson one child, now aged nine years.   She further states that she was granted an absolute divorce from defendant on the 19th day of May, 1931, on the ground of gross neglect of duty and was also given the custody of the minor child.   She states that at the time she secured her divorce from defendant, the whereabouts of defendant was unknown to her and service was had by publication as provided by law.   She states further that since the divorce she has received no money or alimony from defendant for the maintenance and support of herself and their minor child.   She prayed that she be award-

ed such alimony from defendant as may be reasonable and just for the maintenance of herself and their minor child.   To this petition the defendant, through his counsel, filed a demurrer on the ground, (1), that the court has no jurisdiction of the subject matter of the action, and (2), that the petition does not state facts sufficient to constitute a cause of action.   It was the contention of defendant's counsel that a divorce absolutely dissolves the marriage status and that the duty to support no longer exists unless some reservation has been made by the court granting the divorce in respect thereto.   Citing from a decision of the Supreme Court of Nebraska which states:

"Alimony is an incident of the marriage relation, that it can only be allowed where the marriage relation exists; that the severence of the marriage relation by absolute decree without alimony terminates the right to alimony.

One who secures a divorce against a non-resident husband by constructive service of process can not subsequently maintain an action against him for alimony." 42 A.L.R. 1384.   Nebraska.

We have examined the various authorities cited by counsel and particularly of adjudicated cases in the State of Ohio.   It is true that as a general rule an action for alimony cannot be brought after the rendition of a judgment for divorce, even though the decree is silent on the matter; for, as the question of alimony might and should have been litigated therein, such decree operates as res adjudicata as to the question of alimony.   Certain exceptions to the rule however necessarily arise.   Thus, where the divorce was obtained by the wife in a State having jurisdiction over neither the person or property of the husband, obviously the question of alimony could not have . been passed on therein and consequently the decree does not bar a subsequent suit for alimony alone.   In the case of Cox v Cox, 19 Oh St 502, this question is fully discussed.   It seems that a husband left his wife in the state where both parties up to the time of the desertion were domiciled.   The wife filed a petition for divorce and alimony in the Common Pleas Court.   The husband appeared and answered setting up a decree of divorce obtained by him in another state in a proceeding in which there was no jurisdiction of the person of the wife, except by constructive service and of which proceeding she had no actual

notice. The court held that the domicile of the wife remained unaffected by the desertion of the husband and that the decree of divorce was no defense to her petition for alimony. On page 510 the court said:

"The question therefor is whether the ex parte decree can be made available not merely to affect the dissolution of the marriage but to defeat the right of the petitioner to the alimony which the statute, upon the facts as they exist, in regard to the husband's desertion, intended to provide for her."

"We think the decree ought not to have such effect."

If it be contended that there be a distinction between the divorce decree obtained in a foreign jurisdiction and a divorce decree obtained in the same forum, which is the fact in this case, we cite the further language of Cox v Cox:

"In arriving at this conclusion we make no distinction between a decree rendered, under the circumstances of this case in a foreign and one rendered in a domestic forum. In either case, to give to a decree thus obtained the effect claimed for it, would be to allow it to work a fraud upon the pecuniary rights of the wife. Such a result in our opinion is rendered necessary by no principle of comity or public policy— the only grounds upon which ex parte decrees of divorce are authorized and supported.

It is not essential to the allowance of alimony that the marriage relation should subsist up to the time it is allowed. On appeal, alimony may be decreed by the court, notwithstanding the subsisting divorce pronounced by the Court of Common Pleas. It is true the statute speaks of the allowance as being made to the wife. But the term "wife" may be regarded as used to designate the person, and not the actual existing relation; or the petitioner may still be regarded as holding the relation of wife for the purpose of enforcing her claim to alimony."

The statute confers upon the wife the right to bring an action for alimony only. What is meant by alimony? In **Lape v Lape, 99 Oh St 143**, the Supreme Court of Ohio had under review a decision rendered by the Court of Appeals of Hamilton County, to the effect that an allowance of alimony to a wife cannot be based on future personal earnings or wages of the husband and where the allowance is made in connection with the decree of divorce to the wife on account of the digression of the husband it must be based on property owned by him at the time the decree is granted.

The Supreme Court reversed this holding. On page 145 the opinion reads:

"Permanent alimony it is true is purely a creature of statutory creation, but it has been defined as late as the 83 Ohio State Reports as being 'an award by the court upon considerations of equity and public policy and * * * founded upon the obligation which grows out of the marriage relation that the husband must support h's wife, which obligation continues after legal separation without her fault'."

In the syllabus the court therefore holds:

"1. Where a decree of divorce is granted to a wife on account of the aggression of her husband, an allowance of alimony may be based on future personal earnings or wages of the husband. In such a case the court is not necessarily limited to a consideration of property in possession of the husband at the time of the decree.

2. Such decree for alimony may provide that it be made in weekly payments of specified sums."

It is well settled in Ohio that an allowance of alimony may be based on future personal earnings or wages of the husband. If plaintiff in this case, when she filed her petition for divorce, had obtained personal service on the husband and the decree of divorce followed, under the adjudicated cases it is quite probable that the decree of the court in granting the divorce is final upon all questions existing between husband and wife including the right to alimony, because the question of alimony might and should have been litigated therein and the decree of divorce operates as res adjudicata on all questions. Unquestionably she had an existing right under the statute to the allowance of alimony out of the future earnings of the husband. This right she may enforce by an action. When she sued for divorce, service on the husband was obtained by publication only. The court, under the circumstances, could not have allowed her any alimony as the same involved a decree ad personam. Therefore it is our opinion that this right continues until adjudicated. The case at bar presents a petition for alimony only which

was the first opportunity presented to the wife to enforce this right conferred on her by statute. Since that right was at no time adjudicated nor could have been adjudicated there can be no legal bar to the present action.

We have not minutely examined the opinion of the state of Nebraska above referred to and cited by counsel for defendant. The language quoted seems to entertain a contrary view to that entertained by the Supreme Court of Ohio in Cox v Cox, supra. We are disinclined to follow the holding of the Supreme Court of Nebraska and adhere to the opinion of our own Supreme Court.

We therefore hold that the Common Pleas Court was correct in overruling the demurrer, and in awarding to the wife alimony out of the future earnings of her husband.

LIEGHLEY, PJ, and TERRELL, J, concur.