No. 39,083

EDITH STRICKLIN, *Appellee*, v. FLOYD I. SNAVELY, *Appellant*.

(262 P. 2d 823)

Opinion filed November 7, 1953.

*Glenn Jones*, of Parsons, was on the briefs for the appellant.

*Elmer W. Columbia, John B. Markham*, and *Herman W. Smith, Jr.*, all of Parsons, were on the briefs for the appellee.

The opinion of the court was delivered by

WEDELL, J.: The plaintiff, Edith Stricklin, who had obtained a divorce from defendant in Arkansas on January 23, 1947, on pub-

lication service while her husband resided in Kansas, instituted this action against her former husband in Kansas on February 28, 1952, to obtain an equitable division of real estate situated in Kansas, acquired during the marriage relationship and owned by them jointly, and for recovery of rentals collected therefrom by defendant.

The defendant appeals from an order overruling his demurrer to plaintiff's amended petition. In the Arkansas decree for divorce appellee was awarded custody of the minor children. That decree further recites:

"The Court retains jurisdiction of this cause for the purpose of determining the property rights of the parties, fixing an appropriate amount for alimony and for the support of the children."

Both parties have remarried. In addition to the foregoing facts the amended petition further, in substance, alleged:

Appellant did not appear in the Arkansas action in person, pleading or by counsel; the Arkansas court under the law of that state had no jurisdiction to settle any property rights of the parties in the state of Kansas; during their marriage the parties purchased the real estate in Parsons and executed a purchase money mortgage thereon, which was recorded; the property was purchased with the joint earnings of the parties and appellee also made payments on the mortgage out of her own earnings; the property had increased in value and is now worth between $5,000 and $6,000; appellant was in the possession thereof and has collected the rentals which had increased from $25 in 1947 to $40 and $45 per month in 1952; by virtue of the deed to them they became owners of the property as joint tenants; during their marriage they also acquired certain household furniture and equipment (describing it) and a 1936 Plymouth automobile; the household belongings had a fair market value of $500 and the automobile a market value of $450.

The prayer was for equitable division of the real and personal property and for an accounting of the rentals collected therefrom and requested that if appellant had disposed of any of the personal property he be required to account for the proceeds thereof.

Appellant's demurrer to the amended petition was interposed on the following grounds:

"1. That said amended petition discloses upon its face that the court has no jurisdiction of the subject of the action.

"2. That said amended petition does not state facts sufficient to constitute a cause of action against defendant and in favor of plaintiff."

Appellant contends the action is barred and relies primarily on G. S. 1949, 60-1518, which reads:

"A judgment or decree of divorce rendered in any other state or territory of the United States, in conformity with the laws thereof, shall be given full faith and credit in this state; except, that in the event the defendant in such action, at the time of such judgment or decree, was a resident of this state and had not been served personally with process, or did not personally appear or defend the action in the court of such state or territory, all matters relating to alimony, and to the property rights of the parties and to the custody and maintenance of the minor children of the parties, shall be subject to inquiry and determination in any proper action or proceeding brought in the courts of this state within two years after the date of the foreign judgment or decree, to the same extent as though the foreign judgment or decree had not been rendered."

In 1906 the supreme court of the United States decided the case of *Haddock v. Haddock,* 201 U. S. 562, 50 L. ed. 867, 26 S. Ct. 525, and, among other things, held the courts of one state were not, by virtue of the full faith and credit clause of the federal constitution, required to give full force and effect to a decree of divorce rendered in another state on constructive service only. At its next session the Kansas legislature enacted the original statute (R. S. 60-1518). (*Wear v. Wear,* 130 Kan. 205, 222, 285 Pac. 606.) It was amended in its present form in 1935.

We need not review the history and purpose of the original statute. Those subjects are well treated in an article by Hal E. Harlan in the Kansas Judicial Council Bulletin of April, 1934 (p. 5), while he was a state senator and a member of the Kansas Judicial Council. However, the Haddock case was later overruled in *Williams v. North Carolina,* 317 U. S. 287, 87 L. ed. 279, 63 S. Ct. 207. See, also, second chapter of Williams case, 325 U. S. 226, 89 L. ed. 1577, 65 S. Ct. 1092. In any event we start with the legislative mandate that in this state the Arkansas decree of divorce, having been obtained in conformity with the laws of that state, is entitled to full faith and credit here. (*Wear v. Wear,* supra; *Kirby v. Kirby,* 143 Kan. 430, 55 P. 2d 356; *Fincham v. Fincham,* 174 Kan. 199, 255 P. 2d 1018, and cases therein cited.)

The instant action was not filed in this state within two years after the rendition of the Arkansas decree of divorce. If G. S. 1949, 60-1518 is applicable, in view of the particular relief sought, the action is barred. The inquiry, therefore, is whether the relief sought is governed by this statute. If this were an action for ali-

mony or a division of property belonging solely to appellant the statute would apply and the instant action would be barred for the reason it was not brought in this state within two years. (*Fincham v. Fincham,* supra.)

Here, however, appellee is seeking neither alimony nor a division of appellant's property. The basis of alimony is the right to maintenance. The relief appellee seeks is entirely distinct from alimony. Moreover she is asking for no part of appellant's interest in the property described. She asserts only rights to her own interest therein and to recover her share of the income therefrom and her share of the proceeds of such personal property as may have been sold. She invokes this remedy not as the wife of appellant, which she no longer is, but in her separate and individual capacity as an owner of an interest in property. The statute is not applicable and the action is maintainable in this state. (*Cummings v. Cummings,* 138 Kan. 359, 26 P. 2d 440, and cases therein cited.)

Among other cases appellant relies on is that of *Calkins v. Calkins,* 155 Kan. 43, 122 P. 2d 750, wherein we held:

"In an action for divorce, matters of alimony, division of property and all obligations arising out of or connected with the marital relation may be presented and adjusted. If not then presented the judgment is as full and complete a bar to a subsequent assertion of such rights between the husband and wife as if they had been fully tried and determined in the divorce action." (Syl. ¶ 1.)

The petition for divorce in the Calkins case was filed in this state and the rights of the parties were litigated here. That decision is not controlling where G. S. 1949, 60-1518 is involved. In this case the Arkansas court could not lawfully adjudicate the interest in property not within its jurisdiction and did not attempt to do so. Appellee did not lose her own interest in property accumulated during the marriage relationship. The Kansas court having jurisdiction over the persons and the property is authorized to make a proper division thereof. (*Cummings v. Cummings,* supra.)

The challenge of the court's jurisdiction was, therefore, without merit. The petition stated a cause of action for some proper relief. It follows the second ground of the demurrer was likewise properly overruled.

The ruling on the demurrer is affirmed.