**Antonia Garcia SEARLES, Appellant,**

v.

**Scott SEARLES, Jr., Respondent.**

**No. C1–87–631.**

Court of Appeals of Minnesota.

Sept. 15, 1987.

Review Granted Nov. 6, 1987.

**12**

John A. Winters, Crookston, for appellant.

Charles W. Reynolds, Erickson, Erie, Odland, Fitzgerald & Reynolds, Crookston, for respondent.

Heard, considered and decided by POPOVICH, C.J., and FOLEY and HUSPENI, JJ.

## OPINION

POPOVICH, Chief Judge.

This appeal is from a judgment dismissing a partition action for failure to state a claim upon which relief can be granted. Appellant, a Missouri resident, commenced this action seeking her share of respondent's real and personal Minnesota property acquired during their marriage, which was dissolved in Missouri in 1971. Appellant claims the trial court erred because she asserted a timely and legally sufficient claim for relief. We affirm in part and reverse in part.

## FACTS

Appellant Antonia Garcia Searles and respondent Scott Searles, Jr. were married in November 1959. In September 1961, respondent purchased, in his name alone, real property located in Polk County, Minnesota.

On October 11, 1971, the parties dissolved their marriage in Columbia, Missouri. The Missouri court decreed respon-

dent "restored to all the rights and privileges of an unmarried person." The court did not address the parties' property division.

On September 18, 1986, appellant commenced this action seeking partition of the Minnesota real property and other personal property in the form of bank accounts. In response, respondent brought a motion to dismiss the action for failure to state a claim upon which relief can be granted.

Following a hearing held in October, the court granted respondent's motion to dismiss appellant's claim. In its memorandum, the court determined appellant did not possess a legal interest in the property sufficient to maintain her action. Applying Minnesota law, the court specifically determined appellant's marital rights to the property were extinguished upon dissolution. The court further stated appellant's claim was "surely time barred by statute and equity." Appeal is from the judgment of dismissal entered February 11, 1987.

## ISSUE

Did the trial court err in dismissing appellant's complaint for failure to state a claim upon which relief may be granted?

## ANALYSIS

1. *Dismissal.*

In reviewing dismissal of a complaint for failure to state a claim upon which relief may be granted, we must determine

"whether the complaint sets forth a *legally sufficient* claim for relief. It is immaterial to our consideration here whether or not the plaintiff can prove the facts alleged." *Royal Realty Co. v. Levin,* 244 Minn. 288, 290, 69 N.W.2d 667, 670 (1955) (emphasis supplied). The limited function served by such a motion to dismiss was reiterated in *Northern States Power Co. v. Franklin,* 265 Minn. 391, 395, 122 N.W.2d 26, 29 (1963):

A claim is sufficient against a motion to dismiss based on Rule 12.02(5) if it is possible on any evidence which might be produced, consistent with the pleader's theory, to grant the relief

demanded. To state it another way, under this rule a pleading will be dismissed only if it appears to a certainty that no facts, which could be introduced consistent with the pleading, exist which would support granting the relief demanded.

*Elzie v. Commissioner of Public Safety,* 298 N.W.2d 29, 32 (Minn.1980).

Appellant claims the trial court erred in summarily dismissing her claim on the grounds (1) statutes of limitation and laches barred her claim and (2) appellant lacked sufficient legal interest in the property to maintain her action.

2. *Statute of Limitations and Laches.*

Appellant claims the trial court erred by dismissing her action on the ground it is "time barred by statute." Appellant argues her September 1986 action, viable since October 1971, is within the statute of limitations applicable for both personal and real property.

■ Regarding her claim to recover her share of personal property in the form of bank accounts, the trial court correctly determined her claim is untimely. In 1971, Minnesota imposed a six-year limitation "[f]or taking * * * personal property, including actions for the specific recovery thereof." Minn.Stat. § 541.05(4) (1971). We therefore affirm this portion of the trial court's order dismissing appellant's claim regarding personal property.

Appellant's claim to recover her share of real property is barely within a 15–year limitation imposed by Minn.Stat. § 541.02 (1971). That statute, however, primarily applies to adverse possession actions and has not been extended to apply to marital property actions. Without finding Minn. Stat. § 541.02 applies here, we address it because the trial court determined appellant's claim regarding real property was barred by statute.

■ The trial court also determined appellant's claim seeking her equitable share of respondent's real property was barred by equity. *See Aronovitch v. Levy,* 238 Minn. 237, 242, 56 N.W.2d 570, 574 (1953).

Because of appellant's lengthy delay in bringing her action, respondent raised laches as an affirmative defense in his answer.

In order to prove laches, the person asserting the defense must show inexcusable delay in asserting a right and that the delay caused undue prejudice to the party asserting laches.

*City of St. Paul v. Harding,* 356 N.W.2d 319, 322 (Minn.Ct.App.1984). Upon careful review of the record, however, we find insufficient facts showing laches to dismiss under Minn.R.Civ.P. 12.02(5). *See Elzie,* 298 N.W.2d at 32.

The dissent finds sufficient facts evidencing laches by relying on *Corah v. Corah,* 246 Minn. 350, 75 N.W.2d 465 (1956) and *Bredemann v. Bredemann,* 253 Minn. 21, 91 N.W.2d 84 (1958). We find these cases distinguishable because the laches determination in both cases followed a trial on the merits and was not determined under a Minn.R.Civ.P. 12.02(5) motion. In *Corah,* the trial court specifically stated that case "was one of the most unusual ever *tried* by this Court." *Corah,* 246 Minn. at 356, 75 N.W.2d at 469 (emphasis added).

Similarly, in *Bredemann,* the paternity issue there had been fully litigated twice before the plaintiff attempted to raise it a third time ten and one-half years later. The record indicated the court omitted an express finding regarding paternity in the previous actions to avoid placing the stigma of illegitimacy on the child. In the third action, rather than reopening the case and unavoidably finding nonpaternity, the supreme court concluded laches barred plaintiff's claim. *Bredemann,* 253 Minn. at 25–26, 91 N.W.2d at 87–88.

We do not foreclose the possibility of laches in this case after full disclosure of the facts at trial. We hold only that appellant's real property claim on the facts presented precludes a finding of laches and therefore survives a Minn.R.Civ.P. 12.02(5) motion.

3. *Legally Sufficient Property Interest.*

■ Appellant claims she has sufficient legal interest in the property because it

was acquired in 1961 during the parties' marriage and therefore is marital property. At the time of the parties' dissolution in 1971, Minnesota defined "property acquired during coverture" as:

> any property, real or personal, acquired by the parties, or either of them, to a divorce or annulment proceeding at any time during the existence of the marriage relation between them, or at any time during which the parties were living together as husband and wife under a purported marriage relationship which is annulled in an annulment proceedings. "Property acquired during coverture" does not include any property, real or personal, acquired by either spouse before, during, or after coverture, where said property is acquired as a gift, bequest, devise or inheritance made by a third party to one but not the other spouse, or any property transferred from one spouse to the other.

Minn.Stat. § 518.54, subd. 5 (1971).

Disposition of property acquired during coverture is governed by Minn.Stat. § 518.-58 and in 1971 provided:

> Upon a divorce for any cause, or upon an annulment, *the court may make such disposition of the property of the parties acquired during coverture as shall appear just and equitable*, having regard to the nature and determination of the issues in the case, the amount of alimony or support money, if any, awarded in the judgment, the manner by which said property was acquired and the persons paying or supplying the consideration therefor, the charges or liens imposed thereon to secure payment of alimony or support money, and all the facts and circumstances of the case.

Minn.Stat. § 518.58 (1971) (emphasis added). Although the trial court construed appellant's complaint as one seeking only partition pursuant to Minn.Stat. § 558.01 (1986), we view the complaint sufficient to include a claim for disposition of property acquired during coverture.

In determining whether appellant lacked sufficient legal interest to maintain her claim, the trial court relied on *Larsen v.*

*Erickson,* 222 Minn. 363, 24 N.W.2d 711 (1946). In *Larsen,* the Minnesota Supreme Court held a 1939 Nevada divorce, which made no provision for division of Minnesota real estate held in the husband's name alone, divested the former wife of her dower rights acquired during coverture. 222 Minn. at 368, 24 N.W.2d at 714. *Larsen* is distinguishable from this case because the husband had remarried, thus presenting conflicting dower claims. Nevertheless, focusing only on the marriage between the parties, the court stated:

> [T]he marriage relation here having been severed by a court of competent jurisdiction and there being no question involved except that of the statutory interest given the "surviving spouse," [wife] neither has or can have any claim in or to [husband's] property.

In the instant case, the trial court interpreted the *Larsen* holding to mean:

> [M]arital rights to property are statutorily confirmed and are extinguished upon dissolution. Such is the case here. The Missouri decree provides that [respondent] is "restored to all the rights and privileges of an unmarried person." [Appellant's] marital rights to real estate held in [respondent's] name alone under Minn.Stat. § 518.54 or its predecessor were extinguished when the marriage was dissolved.

*See also In Re Atwood's Trust,* 262 Minn. 193, 198–99, 114 N.W.2d 284, 288–89 (1962) (former wife's beneficial interest in former husband's trust extinguished by divorce because former wife no longer can be surviving spouse).

The trial court also distinguished *Grodzicki v. Quast,* 276 Minn. 34, 149 N.W.2d 8 (1967), which allowed a former wife to bring an action against her former husband for her interest in marital property. *Id.* at 39–40, 149 N.W.2d at 12. In *Grodzicki,* however, the former wife was a joint owner in the property at issue. Here, because appellant was not a joint tenant or co-tenant in the Minnesota property, the trial court determined she had no legal interest in the property and therefore could not maintain her action.

We conclude the trial court erred in interpreting both *Grodzicki* and *Larsen*. In *Grodzicki*, the court did not expressly state the former wife's claim to the property was based on joint ownership. Rather, the court recognized, with approval, the principle

> that a divorce by a court with jurisdiction only over the marriage status is no bar to the former wife's claiming property rights against her former husband.

*Grodzicki*, 276 Minn. at 37, 149 N.W.2d at 10. Similarly, in *Larsen*, the court based its holding on concern for inchoate rights contingent upon the survival of the spouse. 222 Minn. at 368, 24 N.W.2d at 714. Marital property rights acquired today are not dependent on survival of a spouse but are acquired during coverture. *See* Minn.Stat. § 518.54. The trial court therefore erred in determining "marital rights to property are statutorily confirmed and are extinguished upon dissolution." Accordingly, we reverse and allow appellant to proceed with her claim seeking her equitable share of respondent's real property located in Minnesota.

### DECISION

Because appellant's claim to recover her share of personal property was untimely, the trial court properly dismissed this claim for failure to state a claim upon which relief can be granted. The trial court erred, however, in summarily dismissing appellant's claim to recover her share of real property.

Affirmed in part and reversed in part.

FOLEY, J., dissenting.

FOLEY, Judge (dissenting).

I respectfully dissent. It is my considered opinion that the trial court should be affirmed.

The marriage of the parties was dissolved in 1971 in the state of Missouri. The decree did not provide for disposition of certain Minnesota real estate acquired during coverture and listed in the name of respondent alone. Close to 15 years elapsed before the appellant brought a direct action in Minnesota to have her marital interest in this property determined. The respondent has pleaded laches as an affirmative defense.

The majority holds the action may survive a rule 12.02(5) motion to dismiss on the theory the complaint sufficiently pleads a cause of action. The majority applies section 541.02, a 15-year limitation statute for recovery of real estate or possession, to sustain the action. I respectfully submit the majority misses the mark in seeking to sustain the action under this statute. This statute just does not apply in this case. It serves an entirely different purpose, more properly related to adverse possession and prescriptive easements.

This is indeed a strange case. So far as I can tell from the record, no proceedings were held in Missouri to reopen this case at a time when personal jurisdiction was available to do so and deal with the omitted property, although respondent is currently a resident of Missouri. No fraud is alleged and no reasonable explanation is offered by appellant for the long delay in asserting her rights. As a matter of law, appellant's action should be barred.

In my view, this case is governed by the doctrine of laches, as well as estoppel. In *Corah v. Corah*, 246 Minn. 350, 75 N.W.2d 465 (1956), the Minnesota Supreme Court held an ex-wife guilty of laches in an equitable proceeding against her ex-husband for property division when she waited almost 18 years to institute a proceeding. The court stated:

> The doctrine of laches is based on grounds of public policy which require for the peace of society the discouragement of stale demands.

*Id.* at 357, 75 N.W.2d at 469. The delay here is too long for the action to remain viable. *See Bredemann v. Bredemann*, 253 Minn. 21, 91 N.W.2d 84 (1958) (where plaintiff had full knowledge of the facts but failed to take action for 10 years, her delay was unreasonable and constituted laches). The entire philosophy of denying stale claims in divorce matters was expressed by the supreme court in *Corah:*

If we were to say that after about 18 years of inattention or indifference in connection with a situation such as we have here she can now claim relief, we would be confronted in the future with a proposition as to just how many years might elapse under similar circumstances so as to enable an aggrieved party to seek relief.

*Corah*, 246 Minn. at 358, 75 N.W.2d at 469.

My position on the real estate claim as expressed here supports the denial to appellant of any interest in personal property as well that was not disposed of by the decree.

While the trial court may have misconstrued the case of *Larsen v. Erickson*, 222 Minn. 363, 24 N.W.2d 711 (1946), dealing with dower rights, it does not lessen the impact of the doctrine of laches under the facts here. The trial court was correct but for a different reason from that expressed by the *Larsen* decision.

I would affirm.