Antonia SEARLES, Respondent,

v.

Scott SEARLES, Jr., Petitioner, Appellant.

No. C1–87–631.

Supreme Court of Minnesota.

March 11, 1988.

Charles W. Reynolds, Crookston, for appellant.

John A. Winters, Patricia Gimbel, C.W. Kludt, Crookston, for respondent.

SIMONETT, Justice.

When Missouri residents were divorced in Missouri under a dissolution decree which omitted any property distribution, may the former wife now bring an action in this state to partition Minnesota land that had been acquired by the husband in his own name during the marriage? The court of appeals said yes. *Searles v. Searles,* 412 N.W.2d 11 (Minn.App.1987). We affirm.

Plaintiff-respondent Antonia Searles brings this partition action against defendant-appellant Scott Searles, Jr. The complaint alleges Antonia and Scott were married in November 1959 and divorced, in Missouri, on October 11, 1971; that early in the marriage Scott purchased real property in Polk County, Minnesota, placing title in his own name; "[t]hat said real property and the proceeds thereof fall under the division of marital property as defined by Minnesota Statute"; that plaintiff is currently a resident of Michigan and defendant a resident of Missouri; and that a judgment of partition should be entered. The action was commenced on October 8, 1986, a few days short of 15 years after the parties were divorced. Defendant's answer admitted the essential facts, denied plaintiff had an ownership interest in the land, and affirmatively alleged the statute of limitations, estoppel, and laches.

Defendant then brought a Rule 12 motion to dismiss for failure of the complaint to state a claim upon which relief could be granted. Although not pleaded, the parties disclosed neither has ever resided in Minnesota. A copy of the 1971 Missouri divorce decree was also presented to the trial court. The decree dissolved the marriage, awarded custody of a minor child to Scott, denied Antonia separate maintenance, and said nothing about any property, whether in Missouri or elsewhere. On this record, the trial court granted Scott's motion to dismiss, ruling that any interest Antonia might have had in the Minnesota land was extinguished when the marriage was dissolved, and, in any event, the partition action was "time barred by statute and equity." The court of appeals panel reversed. The panel construed the complaint to include a claim for "disposition of property acquired during coverture" under Minn. Stat. § 518.54 (1971); that this claim was not extinguished by dissolution of the marriage; that plaintiff's claim for a share of the income derived from the land is barred by the 6-year statute of limitations, but that the real estate claim, having been brought within the 15-year statute of limitations, survived. The dissenting member of the panel would have dismissed the action for laches. We granted defendant's petition for further review.

An action for partition will lie "[w]hen," as Minn.Stat. § 558.01 (1986) states, "two or more persons are interested, as joint tenants or as tenants in common, in real property * * *" and one of the parties wants the land either divided in kind or, if this is not feasible, sold and the proceeds divided between or among the co-owners. This common ownership may be based either on legal title, which is commonly the case, or on equitable title. *McArthur v. Clark,* 86 Minn. 165, 90 N.W. 369 (1902) (if based on equitable title, the pertinent facts should be specially pleaded). Thus, preliminary to deciding how the land should be partitioned, the partitioning court may first have to decide what there is to partition, *i.e.,* it will first have to decide any title issues and determine the ownership interests of the parties. *See, e.g., Wilson v. Wilson,* 151 Minn. 72, 186 N.W. 126 (1921) (court required to decide plaintiff's ownership claim based on common law marriage); *Mjolsness v. Mjolsness,* 363 N.W.2d 839 (Minn.App.1985) (plaintiff's ownership claim as a putative spouse decided). If, in this case, it should be determined that Antonia and Scott Searles own the Minnesota land as tenants in common, partition will lie. This raises a series of questions: (1) Did Antonia's ownership claim survive dissolution of the marriage? (2) If so, is it the kind of claim that will support a partition action? (3) Is the claim time-barred? (4) Does Minnesota law have jurisdiction to decide the ownership claim, and, if so, should it exercise that jurisdiction? We discuss these questions in turn. It should be kept in mind this is a Rule 12 motion and our discussion is necessarily limited to the meager facts presented.

■ 1. We hold that dissolution of the marriage under the Missouri decree did not extinguish Antonia's claim to a marital interest in the Minnesota real estate. In *Larsen v. Erickson,* 222 Minn. 363, 24 N.W.2d 711 (1946), relied on by the trial court, this court held that a wife's inchoate dower interest in Minnesota land was extinguished when the marriage was extinguished under a Nevada divorce decree. But we are not dealing here with a widow's dower; moreover, the law has changed since 1946. Since then the law recognizes that spouses have a common ownership interest in property acquired during coverture, regardless of who holds title; and this interest, rather than being extinguished upon dissolution, is determined and defined at dissolution for the purpose of distribution to the spouses. *See* Minn.Stat. § 518.54, subd. 5 (1971); *see also* footnote 3, *infra.* Once ownership shares are determined, they ordinarily become final unless the court later finds conditions justifying reconsideration. *See* Minn.Stat. § 518.64 (1986). But where a decree makes no division of any real estate and, indeed, makes no mention of real estate, it would seem the matter of ownership rights remains to be determined.[1] Thus, in *Grodzicki v. Quast,* 276 Minn. 34, 149 N.W.2d 8 (1967), when a Florida divorce decree failed to dispose of the parties' property, we held that the property remained to be disposed of by the court.

■ 2. We also hold that Antonia's ownership claim is sufficient for the bringing of a partition action. Her complaint alleges a co-ownership interest in the Minnesota land, which, if established, entitles her to partition. Her claim is not inchoate; it matured at the time of dissolution of the marriage. In a partition action, the court determines the rights and interests of the parties in the property to be partitioned. *Kauffman v. Eckhardt,* 195 Minn. 569, 574, 264 N.W. 781, 782 (1936). Therefore, the court in this action may determine the validity of plaintiff's claim of co-ownership.

■ 3. We need not consider whether plaintiff's claim is time-barred. It would

---

**1.** Plaintiff's complaint alleges no fraud or mistake which might justify reopening the dissolution judgment. For whatever unknown reason, the Missouri decree omitted any property disposition. In other words, the claim here is not to change what has been decreed but rather to decide what was left undecided. There is a suggestion in defendant's answer that defendant may own additional Minnesota real estate. We do not know if there is any marital real estate in Missouri.

be inappropriate and idle to discuss whether or not the 15–year statute of limitations applies to plaintiff's equitable claim of ownership in the real estate when there has not been, in fact, a 15–year lapse of time.[2] We might add that we agree with the majority of the appellate panel that plaintiff's complaint may not be dismissed for laches. The affirmative defenses of laches and estoppel alleged in defendant's answer are not put in issue by defendant's Rule 12 motion questioning only the sufficiency of plaintiff's complaint.

4. The final question is whether Minnesota has jurisdiction of plaintiff's action; and, if so, should jurisdiction be invoked? The answer to the first part of the question depends, we think, on how one characterizes plaintiff's lawsuit.

■ If the lawsuit is considered simply as an action by Antonia to acquire her share of marital property omitted from a dissolution decree, we doubt if Minnesota has jurisdiction. None of the incidents of the marriage relationship involve Minnesota. The parties were married, resided for their married life, and were divorced in Missouri; and even since the divorce neither party has ever resided in Minnesota. (Compare *Grodzicki, supra,* where the parties had lived and been married in Minnesota and the husband continued to live in Minnesota after the Florida divorce.) Minnesota never has had jurisdiction to divorce Antonia and Scott Searles; neither, do we think, does our state have jurisdiction to decide terms of their marriage dissolution apparently left unresolved by a court that did have jurisdiction.

Antonia, however, has designated her action as one for partition. Minnesota does have in rem jurisdiction over Minnesota land for partition purposes, *Schoonmaker v. St. Paul Title & Trust Co.,* 152 Minn. 94, 97, 188 N.W. 223, 224 (1922); and this necessarily includes jurisdiction to determine title and ownership to the land as a condition precedent to dividing the land or ordering its sale. We hold, therefore, that Minnesota has jurisdiction to entertain plaintiff's partition action; this is so even though resolution of a question of distribution of marital property is required in order to determine title to the land.

Whether Minnesota should entertain jurisdiction is another question. In determining the extent of Antonia's interest in the land, it appears an issue may arise as to whether Missouri or Minnesota law applies. The law may be essentially the same or different.[3] The fact that the Missouri decree was silent on any property settlement makes it easier for a Minnesota court to intervene, although Scott's support of the minor child under the Missouri decree might be a factor in determining the extent of Antonia's land interest. Missouri would seem to be the logical forum to resolve the marital rights issues. On the other hand, it might well be more expeditious to resolve all issues involving the land now in the one suit which is pending here. Minnesota may decline jurisdiction under *forum non conveniens* "when it fairly appears from the practicalities of trial that it is more appropriate to try the case in another forum." *Matter of Florance,* 360 N.W.2d 626, 630 (Minn.1985). Whether to entertain jurisdiction will be another matter for the trial judge to consider.

It is enough here to say that plaintiff's complaint, while not as complete as it

---

2. The court of appeals also held that plaintiff's claim for a share of monies in defendant's bank accounts in Minnesota, presumably representing rental income from the Minnesota land, was a claim to recover personal property and barred by Minn. Stat. § 541.05(4) (1971). Plaintiff has not appealed this ruling and it is not before us.

3. Plaintiff claims Missouri did not enact a statute authorizing its courts to make property dispositions for out-of-state property in marital dissolution actions until 1974, citing *Berry v. Berry,* 620 S.W.2d 456 (Mo.App.1981), interpreting Mo. Rev.Stat. § 452.330, subd. (1) (1978). Contrary to plaintiff's contention, Missouri recognized the authority of its courts to include out-of-state property in the division of marital assets as early as 1967. *See Sharp v. Sharp,* 416 S.W.2d 691 (Mo.App.1967). *See also Singleton v. Singleton,* 525 S.W.2d 642, 653 (Mo.App.1975).

might be, states a cause of action that defeats a Rule 12 motion.

Affirmed.

POPOVICH, J., took no part in the consideration or decision of this case.